**UNITED STATES of America,**
**Appellee,**

v.

**Xiang CHEN, Defendant–Appellant.**

**No. 03–1087.**

United States Court of Appeals,
Second Circuit.

Aug. 12, 2004.

Ellen B. Resnick, New York, NY, for Defendant–Appellant.

Leslie C. Brown, Assistant, United States Attorney, New York, NY, (David N. Kelley, United States Attorney, on the brief, David Leibowitz and Peter G. Neiman, Assistant United States Attorney) for Appellee, of counsel.

PRESENT: JACOBS, B.D. PARKER, and HALL, Circuit Judges.

*SUMMARY ORDER*

Defendant–Appellant Xiang Chen appeals from a conviction entered in the United States District Court for the Southern District of New York (Kaplan, *J.*) on one count of conspiracy to commit extortion in violation of 18 U.S.C. § 1951. Chen was convicted on November 1, 2002 after a four-day jury trial. On February 5, 2003, the district court sentenced Chen principally to a term of 70 months imprisonment. Familiarity with the facts of this case is presumed.

Chen appeals his conviction and sentence chiefly on the grounds that: (i) the Government violated his due process rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (ii) various sentencing findings made by the trial judge traversed the Supreme Court's recent holding in *Blakely v. Washington,* 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403, (June 24, 2004).

Chen's first claim under *Brady* is based on his belief that, in the weeks before the federal investigation of Chen, Philadelphia police showed photographs of Chen (as part of an array) to witnesses who later testified at Chen's federal criminal trial. Chen argues that the failure of the Government to provide him with these hypothesized photographs "deprived the defense of an opportunity to suppress this initial identification as unduly suggestive and to preclude ... identification of Appellant at trial." Appellant's Brief at 41.

 Other than Chen's speculations, and the highly ambiguous testimony of one of four trial witnesses, we see no evidentiary support for the proposition that Philadelphia police showed trial witnesses any photographic arrays that included pictures of Chen. In any event, it is unclear that such a hypothetical failure of the prosecution to disclose information would have been actually prejudicial to Chen's de-

fense. *See United States v. Jackson*, 345 F.3d 59, 71 (2d Cir.2003).

Chen's second *Brady* claim is that his defense was prejudiced by the late disclosure of an arguably exculpatory police report written on November 11, 2000. We reject this claim because it is not at all clear that this report was admissible under any hearsay exception. Even assuming the report was admissible; in the context of the overall trial record, the report was decidedly weak impeachment evidence against the testimony of the relevant trial witnesses and weak substantive evidence of Chen's innocence. Chen's only claim of prejudice attributable to the delay in disclosure is his attenuated speculation that earlier disclosure of the report might have prompted Chen to be more expeditious in seeking the testimony of the report's author before that author later became unavailable to testify because of overseas military service.

With regard to Chen's argument under *Blakely v. Washington*, 542 U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, and *United States v. Fanfan*, No. 04–105 (to be argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, we will not address Chen's Sixth Amendment appeal of his sentence until after the Supreme Court's decision in *Booker/Fanfan*. The parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker/Fanfan*.

We have examined Chen's remaining claims and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.